## WILLIAM HAMILTON v. WILLIAM H. HARRIS.

*Judgment creditor's bill—Receiver—Partnership.*

An order requiring an insolvent debtor, proceeded against under a judgment creditor's bill, which has been taken as confessed, to pay over to the receiver a sum of money which his disclosure shows he has drawn from the business of a firm of which he claims to be a member, and to settle which question he has instituted a suit for an accounting, which order directs the receiver to hold the money subject to the order of the court, and allows the creditors of said firm to take such legal proceedings as they see fit to establish their claims to the money, will not be disturbed on appeal.

Appeal from Wayne. (Gartner, J.) Argued October 16, 1888. Decided October 19, 1888.

Judgment creditors' bill. Defendant appeals from order requiring him to pay over a certain sum of money to the receiver. Order affirmed. The facts are stated in the opinion.

*Ed. E. Kane,* for complainant, contended:

1. The order is merely interlocutory, and not appealable. Defendant claims to hold the money as a self-constituted trustee, and has no legal title to it; citing *Duncan v. Campau*, 15 Mich. 416; *Brown v. Vandermeulen*, 41 Id. 419; *Taylor v. Sweet*, 40 Id. 739.
2. The order does not determine the final disposition of the money, but places it in the custody of the court for safe-keeping during the pendency of the suit for the benefit of all persons who shall establish rights to it; citing *Tremper v. Brooks*, 40 Mich. 335; *Bank v. Iron Works*, 60 Id. 490.
3. The order protects all of the firm creditors, who, though not parties to the suit, can have their claims determined on petition for an order for their payment by the receiver; citing *Riggs v. Whitney*, 14 Abb. Pr. 390; *DeGroot v. Jay*, 30 Barb. 484; but until they put their claims into judgment they have no right to inquire into the transmutation of assets; citing *Railroad Co. v. Circuit Judge*, 44 Mich. 482.

*Atkinson, Carpenter & Brooke,* for defendant, contended:

1. The order is appealable, as it operated to divest defendant of the possession and control of property to which, except as against his partner, he had the exclusive right; citing *Lewis v. Campau,* 14 Mich. 458; *Barry v. Briggs,* 22 Id. 201.

2. Defendant held the money for the partnership. It was in effect a trust fund, and the court had no right to change its custody. Had it been part of the firm stock, complainant could only reach it by execution, under which the partners could not be dispossessed of its possession; citing 2 Lind. Part. (Ewell's ed.) 690; Pars. Part. (2d ed.) 365, 366, 371; *Garvin v. Paul,* 47 N. H. 158; *Gibson v.Stevens,* 7 Id. 352; though the sheriff might hold joint possession with them pending his levy; citing *Brrall v. Acker,* 23 Wend. 606; and purchasers on a sale thereunder would secure only a right to an accounting as against the partnership; citing *Deal v. Bogue,* 20 Penn. St. 228; *Wilson v. Strobach,* 49 Ala. 488; nor could the levy be made on any specific portion of the stock, but only on the partner's interest in the entire stock; citing *Sirrine v. Briggs,* 31 Mich. 443;. yet the effect of this order is to divest the possession of a specific portion of the partnership property.

CAMPBELL, J. Complainant, having an execution returned unsatisfied against defendant, filed a statutory creditors' bill against him, which was regularly taken as confessed. The usual order was made appointing a receiver of all of his legal and equitable assets, and he was required to make disclosure. Upon his examination he admitted the possession of the sum of $768. This sum he stated that he drew out from the firm business of Harris & Karpp, a jewelry firm of which he claimed to be a member. He claimed that he did this to bring about a determination whether he was a member of that firm, as Karpp denied his membership. He stated, further, that there was no agreement how much each partner should draw out; that in his opinion the assets would more than meet the liabilities, and, should they do so, this money would not be more than he was entitled to.

On February 20, 1888, defendant made an *ex parte* affidavit, in which he referred to his previous examination,

and stated that he had filed a bill against Karpp for an accounting and receiver of the firm; and that he thinks the assets will not pay the debts, and in that event the $768 would not in whole or in part belong to him.

The court ordered him to pay over this money to the receiver in the present case, and that the receiver hold it till further ordered, and that any creditors of Harris & Karpp might take such legal proceedings as they should see fit to establish their claims.

From this order Harris appeals.

We can see no ground for the appeal. Whatever interests Harris has belong to this receiver. Harris cannot claim any right to control them. Having the money in his hands, neither the partnership nor the partnership creditors could reach it specifically. It is not in the shape of a tangible note or other security, and is not in a shape to be replevied. If he is responsible to the firm, it is merely as a firm debtor. It is not necessary for us here to decide whether such a debt gives the firm or its creditors any preference over a judgment creditor. That question the court below did not decide. But it is obvious enough that if Harris should be allowed to hold this money, and spend it, everybody might suffer from it, if he did not really own it; while if, as his examination tended to show, and as is at least possible, the partnership assets will pay the debts, then this money would all belong to him. It was proper for the court to take it into custody to have these claims disposed of. If any one is affected in interest, it is the firm and its creditors, and not Harris. He has no right to withold it on his own account, and the order cuts off no partnership claims. Their rights are saved, if they have any.

The order should be affirmed, with costs.

The other Justices concurred.